**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
May 18, 2026

IN RE:

JAMES L. BREWER II,

        Debtor.

Case No. 25-11352-T
**Chapter 7**

---

OKLAHOMA EMPLOYMENT
SECURITY COMMISSION,

        Plaintiff,

v.

JAMES L. BREWER II,

        Defendant.

Adv. No. 25-01016-T

### MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Summary Judgment (the "Motion"),[1] filed by the Oklahoma Employment Security Commission ("Plaintiff"). Presently at issue is whether a debt is dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[2] The following facts and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this bankruptcy proceeding by Federal Rule of Bankruptcy Procedure 7052.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to

---

[1] ECF No. 15.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

The United States Court of Appeals of the Tenth Circuit has held that:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[3]

When the nonmoving party fails to respond to a movant's assertion of fact, the Court may "consider the fact undisputed for purposes of the motion."[4] Nonetheless, the Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[5]

---

[3] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

[4] Fed. R. Civ. P. 56(e)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7056. *See also* Bankr. N.D. Okla. Local Rule 7056-1(B) ("All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.").

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

## Background

In 2018, Defendant James L. Brewer II ("Defendant") filed for and received unemployment insurance benefits from Plaintiff for a period of fourteen weeks. Unbeknownst to Plaintiff, Defendant was gainfully employed by Hirecall Licensing, LLC during those weeks. After conducting a routine audit in December 2019, Plaintiff discovered that Defendant had failed to disclose material facts which would have rendered him ineligible to receive benefits, constituting fraudulent overpayment. As a result, Plaintiff filed this adversary proceeding, seeking a determination that the debt is excepted from discharge in Defendant's bankruptcy case pursuant to § 523(a)(2)(A).

## Findings of Fact

There is no genuine dispute as to the following facts:[6]

1.      Plaintiff is an agency of the State of Oklahoma which operates under the Oklahoma Employment Security Act of 1980 "to promote employment security by increasing opportunities for placement through the maintenance of a system of public employment offices and to provide through the accumulation of reserves for the payment of compensation to individuals with respect to their unemployment."[7]

2.      To receive unemployment insurance benefits, an individual must provide Plaintiff with a weekly "statement of all material facts relating to unemployment; ability to work; availability for work; . . . employment and earnings . . . ."[8]

---

[6] These facts were alleged by Plaintiff in the Motion, ECF No. 15. Defendant failed to respond to the Motion. As such, these facts are deemed admitted for purposes of the pending summary judgment motion. *See* Bankr. N.D. Okla. LR 7056-1(B).
[7] Okla. Stat. tit. 40, §§ 1-101 to 9-104.
[8] *Id.* § 2-203(B)

3.      If an overpayment of benefits occurs, Plaintiff is required to send notice of the determination to the individual, who may then file an appeal within twenty days after the date of the mailing of the notice or, if the notice was not mailed, within twenty days after the date of the delivery of the notice.[9]

4.      Defendant filed weekly claims with Plaintiff for unemployment insurance benefits and certified that he was eligible to receive benefits for the weeks ending on September 1, 2018, through December 1, 2018, for a total of fourteen weeks.[10]

5.      Relying on Defendant's weekly claim filing certifications that he was unemployed and available for work, Plaintiff issued Defendant unemployment insurance benefits in the amount of $334.00 for the week ending on September 8, 2018, and in the amount of $394.00 per week for the weeks ending on September 1, 2018, and September 15, 2018, through December 1, 2018.[11]

6.      In December 2019, Plaintiff conducted a routine audit which revealed that Defendant had been employed by Hirecall Licensing, LLC from August 30, 2018, through November 30, 2018.[12]

7.      On December 12, 2019, Michael Barker, Plaintiff's Senior Fraud Investigator, determined that Defendant committed fraud by repeatedly failing to disclose his employment when certifying his weekly claims and concluded that Defendant had done so with "a willful intent to withhold material and requested information from the commission."[13]

8.      On December 17, 2019, Plaintiff issued a written determination finding it had overpaid Defendant unemployment benefits in the amount of $5,456.00. The determination also

---

[9] *Id.* § 2-616(A).
[10] *See* Plf's Ex. 15-3, 15-4.
[11] *See id.*
[12] *See* Plf's Ex. 15-3, 15-4, 15-5.
[13] *See* Plf's Ex. 15-4 at 3.

assessed a penalty amount of $1,364.00, twenty-five percent of the principal, with interest of one percent accruing per month on the unpaid principal amount.[14]

9.    The determination included language advising Defendant of his appeal rights which he elected not to exercise.[15]

10.    On September 16, 2025, Defendant filed a Chapter 7 Voluntary Petition in this Court, Case Number 25-11352-T.[16]

11.    As of September 16, 2025, allowing for adjustments, set offs, and repayments, the outstanding, overdue, and payable amount owed by Defendant to Plaintiff is the principal balance of $4,002.00, plus accrued interest and penalties of $4,495.90, for a total of $8,497.90.[17]

12.    On October 7, 2025, Plaintiff filed this adversary proceeding.[18]

13.    Plaintiff filed the instant unopposed Motion for Summary Judgment on March 19, 2026.[19]

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

### Conclusions of Law

Exceptions to discharge pursuant to § 523 are to be construed narrowly with any doubts resolved in the debtor's favor.[20] Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

---

[14] *See* Plf's Ex. 15-2. Plaintiff calculated the penalty and interest amounts in accordance with Okla. Stat. tit. 40, § 2-613(1).

[15] *See* Plf's Ex. 15-2, 15-4 at 3, 4.

[16] Case No. 25-11352, at ECF No. 1.

[17] *See* Plf's Ex. 15-3.

[18] ECF No. 1.

[19] ECF No. 15.

[20] *See In re Bloom*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022); *In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012).

false pretenses, a false representation, or actual fraud[.]" To establish a claim under § 523(a)(2)(A)

for false pretenses or false representation, a plaintiff must prove by a preponderance of the

evidence the following: "1) the debtor made a false representation; 2) the debtor made the

representation with the intent to deceive the creditor; 3) the creditor relied on the representation;

4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to

sustain a loss."[21] Thus, the debtor must have acted with subjective intent to deceive, which may

be inferred from the totality of the circumstances.[22] Importantly, "it is well-established questions

involving a defendant's state of mind or intent are ordinarily not appropriately resolved on

summary judgment."[23] However, there is no *per se* rule precluding summary judgment on the issue

when intent is an element of proof.[24]

Plaintiff has satisfied all five elements of its § 523(a)(2)(A) claim. First, the uncontroverted

facts show Defendant falsely represented to Plaintiff that he was unemployed and qualified to

receive benefits for the weeks ending on September 1, 2018, through December 1, 2018, despite

knowingly being employed by Hirecall Licensing, LLC. Second, Plaintiff's determination found

Defendant, with willful intent, withheld material information for the purpose of receiving benefits,

a determination which Defendant failed to refute. Moreover, the facts establish that Defendant

---

[21] *Okla. Heritage Bank v. Ward (In re Ward)*, 589 B.R. 424, 428 (Bankr. W.D. Okla. 2018) (citing *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009)); *Scheideler v. Berken*, No. 16-cv-02310, 2017 WL 3315550, at *3 (D. Colo. Aug. 3, 2017); *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

[22] *In re Johnson*, 477 B.R. at 169; *Skyline Air Ops, Inc. v. Conkle (In re Conkle)*, No. 23-01053, 2024 WL 1460286, at *6 (Bankr. W.D. Okla. Apr. 3, 2024).

[23] *In re Conkle*, 2024 WL 1460286, at *6 (citing *Tso v. Nevarez (In re Nevarez)*, 415 B.R. 540, 544 (Bankr. D.N.M. 2009)).

[24] *See Al Lado Cambio De Cheques, Inc. v. Reyes (In re Reyes)*, No. 19-01094, 2020 WL 4006376, at *4 (Bankr. W.D. Okla. July 15, 2020); *Grassmann v. Brown (In re Brown)*, 570 B.R. 98, 109 (Bankr. W.D. Okla. 2017); *Kansas v. Oliver (In re Oliver)*, 554 B.R. 493, 500 (Bankr. D. Kan. 2016).

received $5,456.00 in benefits based on representations he knew were false, indicating that he intended to deceive Plaintiff.[25] Third, Plaintiff issued Defendant benefits because it relied on his false representations as to his employment status. Fourth, as indicated by the Oklahoma legislature's enactment of the Oklahoma Employment Security Act of 1980, Plaintiff's primary objective is to promote employment security and provide compensation for the unemployed. Plaintiff's reliance on self-reported information, while vulnerable to falsification, is not unjustified, especially considering the penalty imposed for making false representations to obtain benefits. Additionally, to ensure that those in need of assistance receive benefits quickly and efficiently, Plaintiff must implement "an efficient distribution of the social benefits provided by the state[,]" further justifying reliance on self-reported information.[26] Fifth, Plaintiff overpaid Defendant benefits in the amount of $5,456.00 and, as of Plaintiff's filing of the Motion, is owed an outstanding principal balance of $4,002.00, sans penalty and accrued interest. Therefore, Plaintiff suffered damages because of its reliance on Defendant's false representations.

### Conclusion

For the reasons set forth above, the Motion is GRANTED. The Court finds there are no genuine issues of material fact in dispute in this case. Even construing all facts and inferences in favor of Defendant, the Court finds Plaintiff has met its burden under § 523(a)(2)(A) to show its debt is nondischargeable, and it is entitled to judgment as a matter of law.

A separate judgment in accordance with this Memorandum Opinion is entered concurrently herewith.

---

[25] *See, e.g.*, *In re Oliver*, 554 B.R. at 500-01; *Morgan Cnty. Hous. Auth. v. Ketcham (In re Ketcham)*, No. 04-7183, 2005 WL 2209231, at *3 (Bankr. C.D. Ill. July 5, 2005); *Pub. Emp. Ret. Sys. v. Gadus (In re Gadus)*, 145 B.R. 235, 238-39 (Bankr. N.D. Ohio 1992); *Illinois v. Hatcher (In re Hatcher)*, 111 B.R. 696, 700 (Bankr. N.D. Ill. 1990).
[26] *In re Oliver*, 554 B.R. at 502.

Dated this 18th of May, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY